STATE of Iowa, Appellee,

v.

Merle STAGE, Appellant.

No. 98–562.

Supreme Court of Iowa.

June 3, 1999.

John J. Wolfe, Clinton, for appellant.

Thomas J. Miller, Attorney General, Jean C. Pettinger, Assistant Attorney General, Lawrence H. Schultz, County Attorney, and Bruce A. Ingham, Assistant County Attorney, for appellee.

Before McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and CADY, JJ.

LAVORATO, Justice.

The defendant, Merle Stage, appeals from his convictions for possession of marijuana with intent to deliver and failure to affix a drug tax stamp. *See* Iowa Code §§ 124.401(1)(d), 453B.12 (1997). He challenges only the imposition of consecutive sentences. We affirm.

Stage pleaded guilty to both charges. He also pleaded guilty to possession of marijuana, a charge that arose out of an incident separate from the other two offenses. *See* Iowa Code § 124.401(5). The sentencing court imposed two indeterminate five-year terms of imprisonment regarding the possession with intent to deliver conviction and the failure to affix a drug tax stamp conviction. The court also imposed a six-month term of imprisonment regarding the possession conviction. The sentencing court ordered all three sentences to run consecutively. Stage appeals only his consecutive sentences for possession with intent to deliver and failure to affix a drug tax stamp.

In *State v. Gallup*, we held that possession with intent to deliver is a lesser included offense of failure to affix a drug tax stamp. 500 N.W.2d 437, 442 (Iowa 1993). Because possession with intent to deliver is a lesser included offense of failure to affix a drug tax stamp, Stage believes the two offenses are not "separate" for purposes of Iowa Code section 901.8. Section 901.8 permits a sentencing court to impose consecutive sentences "for two or more separate offenses." Iowa Code § 901.8.

Stage concedes that under *Gallup* the consecutive sentences here present no double jeopardy problem because the legislature has authorized cumulative punishment for the two offenses in question. *See Gallup*, 500 N.W.2d at 443. Nevertheless, he insists that he is being sanctioned under two separate criminal statutes for one offense. He points out that under the clear language of section 901.8 the sentencing court is not authorized to impose consecu-

tive sentences for violations involving one offense.

 Contrary to the defendant's contentions, we think the sentencing court was indeed authorized to impose consecutive sentences. As the State points out, the legislature intended that drug tax stamp offenses be punished separately from the underlying drug offenses. *Id.* This intention is clear from the statutory scheme of Iowa Code chapter 453B, the chapter dealing with drug tax stamp offenses. For example, chapter 453B has its own penal provision. *See* Iowa Code § 453B.12 (authorizing conviction and punishment for failure to affix a drug tax stamp); *Gallup,* 500 N.W.2d at 443. Chapter 453B also has its own limitations period. *See* Iowa Code § 453B.12 (providing for six-year statute of limitations).

In addition, important to our analysis are the merger provisions of Iowa Code section 701.9. Section 701.9 provides that, when there are convictions involving lesser included offenses, the sentencing court may impose a "judgment of guilty of the greater offense only." Iowa Code § 701.9.

 We have held that convictions of possession with intent to deliver and failure to affix a drug tax stamp are not subject to the merger provisions of section 701.9. *See State v. Halliburton,* 539 N.W.2d 339, 344 (Iowa 1995); *Gallup,* 500 N.W.2d at 445. These merger provisions of section 701.9 are not applicable because section 701.9, we have said, codifies the double jeopardy protection against cumulative punishment. *Halliburton,* 539 N.W.2d at 344; *Gallup,* 500 N.W.2d at 445. Thus, "[i]f the Double Jeopardy Clause is not violated because the legislature intended double punishment, section 701.9 is not applicable and merger is not required." *Halliburton,* 539 N.W.2d at 344.

For all of these reasons, we conclude that, although possession with intent to deliver and failure to affix a drug tax stamp are lesser included offenses, for purposes of punishment they are separate offenses. The district court was therefore well within its statutory authority when it imposed consecutive sentences pursuant to section 901.8.

**AFFIRMED.**