# IN THE COURT OF APPEALS OF IOWA

No. 19-1390
Filed June 3, 2020

**STATE OF IOWA,**
      Plaintiff-Appellee,

**vs.**

**SALVADOR CRUZ, JR.,**
      Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, David Porter, Judge.


Salvador Cruz Jr. appeals the sentence entered by the district court following his convictions of possession of methamphetamine, failure to possess a tax stamp, and going armed with a concealed weapon. **AFFIRMED.**


Susan R. Stockdale, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Sharon K. Hall, Assistant Attorney General, for appellee.


Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**VAITHESWARAN, Presiding Judge.**

A Polk County jury found Salvador Cruz Jr. guilty of possession of methamphetamine, failure to possess a tax stamp, and going armed with a concealed weapon. Cruz filed a "post-trial motion for judgment of acquittal and sentencing memorandum," asserting in part that the possession and tax stamp convictions merged. The district court denied the motion. The court adjudged Cruz guilty of possession of methamphetamine third or subsequent offense as an habitual offender, failure to affix a drug tax stamp as an habitual offender, and carrying weapons. The court sentenced him to prison terms not exceeding fifteen, fifteen, and two years respectively, to be served concurrently to each other but consecutive to parole matters.

On appeal, Cruz argues the district court should have merged "the convictions for failure to possess a tax stamp and possession of a controlled substance." The supreme court has held otherwise. In *State v. Stage*, 596 N.W.2d 503, 504 (Iowa 1999), the court stated: "[T]he legislature intended that drug tax stamp offenses be punished separately from the underlying drug offenses. This intention is clear from the statutory scheme of Iowa Code chapter 453B [(1997)], the chapter dealing with drug tax stamp offenses." *Accord State v. Gallup*, 500 N.W.2d 437, 445–46 (Iowa 1993) (finding no merger of a delivery offense with a drug-tax-stamp offense); *see also State v. Halliburton*, 539 N.W.2d 339, 344 (Iowa 1995) (concluding the legislature intended multiple punishments for possession of an offensive weapon by a felon and possession of an offensive weapon). We discern no error in the district court's refusal to merge the two offenses. *See State*

*v. West*, 924 N.W.2d 502, 504 (Iowa 2019) ("Review of an illegal sentence for lack of merger is for correction of errors at law.").

**AFFIRMED.**