# IN THE COURT OF APPEALS OF IOWA

No. 16-2169
Filed March 7, 2018

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**DAMON MARCELLE CALAWAY,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Jeanie K. Vaudt, Judge.

A defendant appeals the sentence imposed following his resentencing hearing. **AFFIRMED.**

Erin M. Carr of Carr & Wright, P.L.C., Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Genevieve Reinkoester, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

Damon Calaway appeals following his second resentencing hearing. He asserts the court abused its discretion in imposing consecutive sentences and in denying his request for the appointment of an expert at state expense to testify in mitigation of punishment. We affirm the district court's resentencing decision.

**I. Background Facts and Proceedings.**

In January 1999, Calaway was convicted of first-degree murder and first-degree kidnapping related to the 1996 death of Dawue Stigler. *See State v. Calaway*, No. 99-0258, 2000 WL 278711, at *1 (Iowa Ct. App. Mar. 15, 2000). At the time of the crime, Calaway was seventeen years old. Calaway was originally sentenced to two consecutive life terms of imprisonment without the possibility of parole. *See Calaway v. State*, No. 07-072, 2008 WL 5412262, at *1 (Iowa Ct. App. Dec. 31, 2008).

Following the United States Supreme Court's decision in *Miller v. Alabama*, 567 U.S. 460, 489 (2012), which declared the mandatory imposition of life without parole for juvenile offenders violates the Eighth Amendment's prohibition of cruel and unusual punishment, Iowa's Governor commuted the sentences of all juvenile offenders who had received a mandatory-life-without-parole sentence for a homicide offense to life with no possibility of parole for sixty years. In September 2012, Calaway filed a motion to correct an illegal sentence arguing his original sentence and the commuted sentence were unconstitutional. The district court stayed the proceedings on Calaway's motion while our supreme court addressed identical issues in pending cases. *See State v. Ragland*, 836 N.W.2d 107, 122 (Iowa 2013) (declaring the Governor's commutation did not correct the illegal

sentence under *Miller* and juvenile offenders must still be given an individualized sentencing hearing).

In October 2015, Calaway filed an application to retain an expert witness at state expense for his resentencing hearing. He asserted the expert would provide testimony regarding his home life and background when he was a juvenile, and his capacity for change in adulthood. He estimated the expert would cost approximately $15,000. The district court denied the motion, saying: "In this case, defendant does not need an expert witness to testify regarding his home life and background and capacity for change." The court noted the supreme court had already adopted standards through recent case law for the district court to apply when resentencing Calaway and

> [t]he standards already incorporate the concepts that could serve as the basis of any expert testimony. . . . The concepts underlying the proposed expert testimony in this case are inherently included within the standards that have been carefully laid out by the United States and the Iowa Supreme Courts in their recent decisions. There is no need to hire an expert at public expense to testify to the concepts that have already been adopted by case law.

The court also noted that no presentence investigation (PSI) report had been prepared in this case due to the prior sentence of life without the possibility of parole. The court ordered a PSI to be prepared and contain information regarding Calaway's family, education, criminal history, and other relevant factors to be considered. It also ordered the department of corrections (DOC) to expand its existing report to include additional information regarding Calaway's successes and failures while incarcerated. In the event the PSI could not be timely completed or if the DOC report was insufficient, the court authorized Calaway to retain an

investigator to provide the necessary factual information and approved the investigator's expense up to $3000.

The day before the March 2016 resentencing hearing, Calaway asked the district court to reconsider its ruling denying his expert after reviewing the PSI and the DOC's report, but at the sentencing hearing, the district court denied the motion, saying:

> I honestly don't see what this individual could provide the court in terms of the court deciding what's the most appropriate thing to do here regarding resentencing that would be over and above what is already in the files here regarding the status of Mr. Calaway vis-a-vis all the factors that the court has to apply.
> So I think the request is unreasonable, and I don't think that it would add anything to the mix of information the court needs to consider in issuing a new sentence in this matter.

The court then proceeded to resentencing, hearing from defense counsel, the prosecutor, and Calaway. The court applied the sentencing considerations outlined in the supreme court's cases and determined this case was the "extreme, rare, and uncommon" case where the presumption of life with the possibility of parole had been rebutted. The court reaffirmed Calaway's original sentence of consecutive terms of life without the possibility of parole, denying Calaway's motion to correct an illegal sentence.

Calaway filed a notice of appeal following that decision. While that decision was pending on appeal, our supreme court issued a decision in *State v. Sweet*, 879 N.W.2d 811, 839 (Iowa 2016), which categorically banned the imposition of a sentence of life without the possibility of parole for juvenile offenders under the Iowa Constitution. Because Calaway's sentence was once again unconstitutional under *Sweet*, Calaway's counsel, after conferring with the State, filed a "joint"

motion to reverse and remand for further proceedings. The supreme court granted the motion and remanded the matter for the district court to conduct a second resentencing hearing.

On December 19, 2016, at the second resentencing hearing, the parties confirmed for the court that the only constitutional sentence that could be imposed was life with the possibility of parole. Thus, the only discretion the court had was whether to run the two sentences consecutive or concurrent. *See Sweet*, 879 N.W.2d at 839 (holding the Iowa Constitution categorically banned the imposition of a sentence of life without the possibility of parole for juvenile offenders); *State v. Louisell*, 865 N.W.2d 590, 603 (Iowa 2015) ("The district court did not have authority to sentence [a juvenile offender] to a determinate term of . . . years in prison for murder in the first degree. Although the district court did have authority upon consideration of the *Miller* factors to resentence [a juvenile offender] to life in prison with eligibility for parole, the court did not have authority at the time of resentencing to order commencement of [the juvenile offender's] eligibility for parole to begin after serving [a term of] years in prison."). After again hearing from defense counsel and the prosecutor and giving Calaway a chance to speak, the court ordered the two life-with-the-possibility-of-parole sentences to be served consecutively. The court noted the consecutive sentences were ordered "based upon the separate and serious nature of the offenses" and also incorporated five pages of the court's previous analysis of the *Miller* factors it had articulated in its first resentencing order.

Calaway again appeals the sentence imposed.

**II. Scope and Standard of Review.**

When a sentence is within the statutory framework, it is cloaked with a strong presumption in its favor, and we review the court's decision for an abuse of discretion or the consideration of impermissible factors. *State v. Formaro*, 638 N.W.2d 720, 724 (Iowa 2002).

**III. Consecutive Sentences.**

The sentencing court is required to state on the record the reasons for imposing a particular sentence and that includes the requirement to articulate the reasons for imposing consecutive, rather than concurrent, sentences. *See State v. Hill*, 878 N.W.2d 269, 275 (Iowa 2016). Calaway asserts the district court's incorporation of the first resentencing order did not satisfy this requirement to state its reasons for imposing consecutive sentences. He asserts the court was not considering the issue of consecutive sentences at the first resentencing when the reasons were articulated, and therefore, those reasons cannot apply to the second resentencing hearing. We disagree.

In requiring district courts to articulate the reasons for imposing consecutive sentences, the supreme court specifically acknowledged and accepted that the sentencing court "may rely on the same reasons for imposing a sentence of incarceration" to also support imposing consecutive sentences. *Id.* It was not an abuse of discretion for the court to reference and incorporate its extensive prior reasons rather than repeating them. In addition, the court added an additional reason for imposing consecutive sentences: "the separate and serious nature of the offenses." We find no abuse of discretion in the district court's imposition of consecutive sentences in this case.

**IV. Mitigation Expert.**

Calaway also asserts the court abused its discretion in denying his request for an expert witness at state expense to investigate and testify regarding the application of the *Miller* factors at his March 2016 resentencing hearing. "Our review of rulings on such an application is for abuse of discretion." *State v. Leutfaimany*, 585 N.W.2d 200, 207 (Iowa 1998).

As an initial matter, the State asserts Calaway did not preserve error on this claim because he did not renew his request for an expert after the case was remanded by the supreme court for a second resentencing hearing held in December 2016.[1] Calaway claims error was preserved because this appeal is just "an extension" of the prior appeal that was "started but halted" by the prior remand order. The State notes Calaway could have requested the supreme court "retain jurisdiction over the appeal to decide issues collateral to the illegality of his sentence," and when he failed to do that, it resulted in a waiver of the issue in the previous proceedings.

Bypassing the State's error preservation concerns,[2] we conclude the court did not abuse its discretion in denying Calaway's earlier application for an expert witness. "An indigent criminal defendant is not entitled to appointment of expert services at state expense unless there is a finding that the services are necessary in the interest of justice." *Id.* at 208; *see also* Iowa R. Crim. P. 2.20(4). Calaway

---

[1] On our review of the December 2016 resentencing transcript, we find no mention of an expert witness nor any assertion the record before the district court was somehow incomplete.

[2] *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing an error-preservation problem and proceeding to the merits of the appeal).

"bears the burden to demonstrate a reasonable need for the appointment of an expert." *See Leutfaimany*, 585 N.W.2d at 208.

In denying the initial request for an expert, the district court noted the recent case law from the supreme court thoroughly explained the factors the court was to apply in the individualize sentencing hearing, and thus, the court found "[t]here is no need to hire an expert at public expense to testify to the concepts that have already been adopted by case law." In addition, after ordering the preparation of the PSI and an updated DOC report, the court granted Calaway the ability to retain a private investigator to provide necessary factual information that counsel believed was not adequately contained within the PSI or the DOC report. There is no indication Calaway took advantage of this authorization, nor does Calaway explain how the expert he intended to hire would have offered information that a private investigator could not have uncovered.

The PSI report and the supplemental DOC report were prepared in advance of the resentencing hearing, but Calaway waited until one day before resentencing was to take place to ask the court to reconsider its denial of his request for the expert. In denying the motion to reconsider, the court again stated the proposed expert could not offer any information that was not already contained in the court file regarding the factors it was to apply. Because the expert, in the district court's opinion, would not add any new information, the court considered the request unreasonable.

The district court understood the law it was to apply and understood the information the record already contained. We conclude the district court did not

abuse its discretion in determining Calaway failed establish the necessity of his expert witness.[3]  We affirm the district court's resentencing order.

**AFFIRMED.**

---

[3] While we conclude the court did not abuse its discretion in this case in denying the request for an expert witness at state expense, we acknowledge our supreme court has discussed the usefulness of expert testimony in juvenile sentencing hearings.  *See State v. Roby*, 897 N.W.2d 127, 145–48 (Iowa 2017).