STATE of Iowa, Appellee,

v.

Howard Fitzgerald TAYLOR,
Appellant.

No. 98–273.

Supreme Court of Iowa.

June 3, 1999.

Kellyann M. Lekar of Roberts and Stevens, P.L.C., Waterloo, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, Denver D. Dillard, County Attorney, and Jerry Vander Sanden, Assistant County Attorney, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, NEUMAN, and CADY, JJ.

HARRIS, Justice.

The controlling issue in this appeal is whether going armed with intent is a lesser included offense of terrorism. Because we think it clearly is not, we affirm defendant's sentences for both offenses.

The facts are undisputed and straightforward. Carlos Cooper observed Howard Taylor running at him with a handgun. Taylor proceeded to shoot at Cooper while Cooper was in his vehicle. It seems this was not the first altercation between the two. Cooper had apparently made verbal threats to Taylor and once drove into the rear of Taylor's wife's car.

Taylor was charged with four offenses and pled guilty to three of them. Only two are involved here: (1) terrorism in violation of Iowa Code section 708.6 (1997); and (2) going armed with intent in violation of Iowa Code section 708.8. Taylor appeals to challenge the court's action in ordering the sentences to be served consecutively. We choose to pass Taylor's serious preservation-of-error problems and affirm on the merits.

I. Taylor first posits his challenge to consecutive sentences on double jeopardy grounds, a constitutional claim on which our review is de novo. *State v. Perez*, 563 N.W.2d 625, 627 (Iowa 1997). The double jeopardy clause of the fifth amendment to the United States Constitution mandates that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." The clause "protects against successive prosecutions after acquittal or conviction; and, pertinent to this appeal, it protects against multiple punishments for the same offense." *Id.* (citing *North Carolina v. Pearce*, 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656, 664–65 (1969), *overruled on other grounds by Alabama v. Smith*, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989); *Dressler v. Iowa Dep't of Transp.*, 542 N.W.2d 563, 565 (Iowa 1996); *State v. Taft*, 506 N.W.2d 757, 760 (Iowa 1993)). The prohibition is based on principles of finality and the prevention of prosecutorial overreaching. *State v. Butler*, 505 N.W.2d 806, 807 (Iowa 1993).

In a case such as this where multiple punishments are imposed pursuant to a single prosecution, the application of the double jeopardy clause is limited. *Perez*, 563 N.W.2d at 627. This is because "the multiple punishment proscription 'does no more than prevent the sentencing court from prescribing greater punishment than the legislature intended.' " *Id.* (quot-

ing *Missouri v. Hunter*, 459 U.S. 359, 366, 103 S.Ct. 673, 678, 74 L.Ed.2d 535, 542 (1983)). The question of what punishments are constitutionally permissible is no different from the question of what punishments the legislature intended to be imposed. *State v. McKettrick*, 480 N.W.2d 52, 57 (Iowa 1992).

To determine whether two charges constitute the same offense, we apply the legal elements test originally defined in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932):

> The applicable rule is that where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of an additional fact which the other does not.

*Butler*, 505 N.W.2d at 807. If one crime is a lesser included offense of the other crime, the offenses are the "same" and cumulative punishments cannot be imposed. *State v. Finnel*, 515 N.W.2d 41, 43 (Iowa 1994). But if one offense is not included within the other, there is a presumption that multiple punishments can be assessed. *Id.* The lesser included offense is necessarily included in the greater offense if it is impossible to commit the greater offense without also committing the lesser offense. *Id.* If the lesser offense includes an element that is not required for the greater offense, the lesser is not included in the greater. *Id.*

Taylor's challenge fails because it is possible to commit the greater offense (terrorism under Iowa Code section 708.6) without also committing the lesser offense (going armed with intent under Iowa Code section 708.8). "Going armed," an element of the lesser offense, is not required as an element of terrorism. This is made more clear because going armed with intent involves movement. *State v. Ray*, 516 N.W.2d 863, 865 (Iowa 1994). Terrorism does not always involve movement. Going armed with intent includes another distinguishing element—intent to use a weapon without justification against another. *Id.* at 866. Terrorism does not include such an element. The double jeopardy claim thus fails.

II. We have also considered—and now reject—Taylor's second claim that the trial court otherwise erred in imposing consecutive sentences. To some extent Taylor seems to rely on Iowa Code section 901.8 which allows consecutive sentences only for separate crimes. We have already concluded in our analysis of the double jeopardy claim that there were separate offenses. Hence Taylor cannot prevail on this challenge under Iowa Code section 901.8. *See State v. Stage*, 596 N.W.2d 503, 504 (Iowa 1999).

Taylor principally seems to assert that consecutive sentences were inappropriate inasmuch as the two charges were so factually intertwined as to essentially constitute one. Taylor cites *State v. Criswell*, 242 N.W.2d 259 (Iowa 1976), a holding which contradicts his position. In *Criswell* we upheld consecutive sentences on multiple convictions arising from the same transaction. *Id.* at 261.

The decision to impose consecutive sentences was discretionary. *State v. Johnson*, 476 N.W.2d 330, 335 (Iowa 1991). Contrary to Taylor's contention otherwise, we find no abuse.

**AFFIRMED.**