# IN THE COURT OF APPEALS OF IOWA

No. 13-0875
Filed August 13, 2014

**KHOI NGO,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Khoi Ngo appeals from the district court's denial of his application for postconviction relief asserting ineffective assistance on the part of his trial and appellate counsel. **AFFIRMED.**

Thomas P. Graves of Graves Law Firm, P.C., Clive, for appellant.

Thomas J. Miller, Attorney General, Linda J. Hines, Assistant Attorney General, John P. Sarcone, County Attorney, and James A. Ward, Assistant County Attorney, for appellee State.

Considered by Vaitheswaran, P.J., Doyle, J., and Miller, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2013).

**DOYLE, J.**

A jury found Khoi Ngo guilty of theft in the first degree, conspiracy to commit a felony (third-degree burglary), possession of burglar's tools, and carrying weapons. This court affirmed his convictions. *State v. Ngo*, No. 08-0522, 2009 WL 2184832, at *12 (Iowa Ct. App. July 22, 2009).

Ngo filed a pro se application for postconviction relief (PCR) claiming his trial counsel was ineffective in a number of respects. He filed an amendment to add an additional ground of trial counsel's ineffective assistance. Through counsel, Ngo's application was later amended to add two more claims of ineffective assistance on the part of trial counsel. After a hearing, the district court denied Ngo's application.

We have carefully reviewed the record and the district court's comprehensive twenty-five page PCR ruling. The district court's ruling is thorough and well-reasoned. Upon our de novo review, *see Ennenga v. State*, 812 N.W.2d 696, 701 (Iowa 2012), we find the district court addressed each of the claims raised by Ngo relating to trial counsel's alleged failures, and we agree with the court's findings, analysis, and conclusions. Any further discussion by this court of the issues raised would add little value and would not change disposition of the case. Accordingly, the district court's ruling denying Ngo's PCR application is affirmed without opinion. *See* Iowa R. App. P. 6.1203(a), (d).

For the first time on appeal, Ngo asserts his appellate counsel was ineffective for failing to raise on direct appeal the ineffective-assistance-of-trial-

counsel issues he asserts in the instant appeal.[1]  We analyze ineffective-assistance-of-appellate-counsel claims under the same test used for ineffective-assistance-of-trial-counsel claims.  *Ledezma v. State*, 626 N.W.2d 134, 141 (Iowa 2001).  Because Ngo has not established his trial counsel was ineffective, his direct appeal appellate counsel cannot be found ineffective for not raising this claim that trial counsel was ineffective.

We affirm the district court's denial of Ngo's application for postconviction relief.

**AFFIRMED.**

---

[1] We acknowledge the error preservation issue.  *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002) (observing that an issue is preserved for review if it has been raised and decided by the district court).  Nevertheless, we elect to bypass this error preservation concern and proceed to the merits.  *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing error preservation problem and proceeding to the merits of the appeal).