# IN THE COURT OF APPEALS OF IOWA

No. 14-1974
Filed February 10, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**GABRIEL E. HUDSON,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Woodbury County, Steven J. Andreasen, Judge.

Gabriel Hudson appeals the district court's denial of his motion to correct an illegal sentence. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Melinda J. Nye, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Vaitheswaran and Bower, JJ.

**VAITHESWARAN, Judge.**

Gabriel Hudson appeals the district court's denial of his motion to correct an illegal sentence. He contends (1) the rationale of recent juvenile sentencing opinions should apply to his seventy-five year sentence imposed when he was a juvenile despite the absence of a mandatory minimum term and (2) he was entitled to an evidentiary hearing on his claim of excessive or gross disproportionality.

## I.     *Background Facts and Proceedings*

Hudson pled guilty to second-degree kidnapping, attempted murder, willful injury, assault while participating in a felony causing serious injury, and going armed with intent, in connection with crimes committed when he was fifteen years old. The district court sentenced him to a total prison term not exceeding seventy-five years.

Twenty-one years after his sentence was imposed Hudson filed a "motion to correct illegal sentencing." He sought a reopening of his sentence to permit the application of *State v. Null*, 836 N.W.2d 41 (Iowa 2013). There, the Iowa Supreme Court concluded "a 52.5-year minimum prison term for a juvenile based on the aggregation of mandatory minimum sentences for second-degree murder and first-degree robbery triggers . . . an individualized sentencing hearing to determine the issue of parole eligibility." *Null*, 836 N.W.2d at 71. *See also State v. Lyle*, 854 N.W.2d 378, 404 (Iowa 2014) ("[A]rticle I, section 17 of the Iowa Constitution forbids a mandatory minimum sentencing schema for juvenile offenders that deprives the district court of the discretion to consider youth and its

attendant circumstances as a mitigating factor and to impose a lighter punishment by eliminating the minimum period of incarceration without parole.").

The district court denied Hudson's motion. The court reasoned that the sentencing court "imposed no mandatory minimum period of incarceration." This meant Hudson was "eligible for release on parole since the first day of his sentence." The court concluded:

> [O]nly mandatory minimum sentences trigger or implicate the additional considerations that must be given for crimes committed by juveniles . . . .
> A sentence that imposes no mandatory minimum term, regardless of whether the sentencing court considered the particular characteristics of [Hudson's] youth, is not categorically unconstitutional as cruel and unusual punishment under the United States or Iowa Constitutions.

The district court also found and concluded that Hudson's sentence did "not constitute cruel and unusual punishment under the traditional 'excessive' or 'grossly disproportionate' analysis." The court reasoned that Hudson "committed and pled guilty to five separate criminal acts" involving "violent crimes against his victim," the sentence "was within the statutory times established by the legislature," and Hudson might "completely discharge his sentence in less than [thirty] years based upon earned time, work credits, and other program credits" or might "be eligible for release on parole at an earlier date." This appeal followed.

## II. Juvenile Resentencing

Our appellate courts have declined to extend the individualized sentencing requirement for juveniles to sentences without mandatory minimum terms. *See Lyle*, 854 N.W.2d at 404 n.10 ("[W]e reiterate that the specific constitutional challenge raised on appeal and addressed in this opinion concerns the statutory imposition of a minimum period of incarceration without parole equal to seventy

percent of the mandatory sentence. *The holding in this case does not address the mandatory sentence of incarceration imposed under the statutory sentencing schema or any other issues relating to the sentencing schema.*" (Emphasis added)); *State v. Propps*, No. 15-0235, 2015 WL 9451072, at *2 (Iowa Ct. App. Dec. 23, 2015) ("[A]t the end of the day, the [*Lyle*] court limited its holding to prison sentences with mandatory minimum terms."); *State v. Means*, No. 14-1376, 2015 WL 6509741, at *9 (Iowa Ct. App. Oct. 28, 2015) ("It is appropriate for our court to defer to the supreme court on whether to extend the holding[] of . . . *Lyle* to cases where juvenile offenders do not face any mandatory minimum sentences."); *State v. Marshall-Limoges*, No. 14-1610, 2015 WL 4936265, at *1 (Iowa Ct. App. Aug. 19, 2015) ("*Lyle* is inapplicable; none of the sentences here involve mandatory minimum terms of incarceration."). Hudson concedes his prison term did not include "a mandatory minimum term of incarceration."[1]    Accordingly, the district court correctly concluded an individualized sentencing hearing was unnecessary under existing Iowa Supreme Court precedent.

### III.    *Evidentiary Hearing*

Hudson asserts the district court was obligated to "hold a hearing permitting [him] to put on evidence or testimony supporting his claim [that the sentence was grossly disproportionate] and the court's analysis failed to take into account any specific facts or circumstances of [his] crime or any characteristics

---

[1] Hudson was sentenced prior to the legislature's enactment of mandatory minimums for conviction of "certain felonies." *See, e.g.*, Iowa Code § 902.12(2) (attempted murder), (4) (kidnapping in the second degree) (2015).

of . . . himself." The State counters that Hudson failed to preserve this challenge for review.

Although Hudson did not raise this challenge, the district court elected to decide it. Because the record contains a ruling on the issue, we bypass the State's error preservation concern and proceed to the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

The threshold question is whether the sentence "leads to an inference of gross disproportionality." *State v. Oliver*, 812 N.W.2d 636, 647 (Iowa 2012).[2] "This preliminary test involves a balancing of the gravity of the crime against the severity of the sentence." *Id.* "If the sentence does not create an inference of gross disproportionality, then 'no further analysis is necessary.'" *Id.* at 650 (quoting *State v. Seering*, 701 N.W.2d 655, 670 (Iowa 2005)).

The district court balanced the gravity of the crimes against the severity of Hudson's sentence, as *Oliver* instructs, and found no inference of gross disproportionality. Having resolved the threshold question, the court did not go any further.

We concur in the court's analysis of this issue. Unlike *State v. Bruegger*, 773 N.W.2d 862, 884 (Iowa 2009), cited by Hudson, this case did not involve "acts of lesser culpability within the scope of broad criminal statutes." While the sentences carried "stiff penalties," a factor deemed important in *Bruegger*, Hudson's immediate eligibility for parole mitigated the harshness of the sentence.

---

[2] The United States Supreme Court expressed some reservation about applying rules announced in cases involving adult offenders to the sentencing of juvenile offenders. *See Miller v. Alabama*, 132 S.Ct. 2455, 2470 (2012).

Because this is not a *Bruegge*r case, we conclude the district court appropriately declined to schedule an evidentiary hearing.

We affirm the district court's denial of Hudson's motion to correct an illegal sentence.

**AFFIRMED.**