# IN THE COURT OF APPEALS OF IOWA

No. 16-2115
Filed September 27, 2017

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRIAN MATTHEW CHRISTNER,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Stuart P. Werling (motion to continue) and Mark J. Smith (sentencing), Judges.

Brian Christner appeals his conviction and sentence following a guilty plea to possession of a product to be used in the manufacture of a controlled substance. **AFFIRMED.**

Stuart G. Hoover of Blair & Fitzsimmons, P.C., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**MULLINS, Judge.**

Brian Christner was charged with conspiracy to commit a non-forcible felony and possession of a product to be used in the manufacture of a controlled substance. *See* Iowa Code §§ 124.401(4), 706.3(2) (2015). A plea agreement was reached in which Christner would enter a guilty plea to the possession charge in return for the State's dismissal of the conspiracy charge and recommendation against incarceration. The agreement required Christner's completion of a substance-abuse evaluation and treatment prior to sentencing and conditioned the State's recommendation against incarceration upon Christner's cooperation in the preparation of a presentence investigation report (PSI) and appearance "where and as required." The court's concurrence with the agreement was also noted as a condition of the acceptance of a guilty plea, but if Christer failed to cooperate in the preparation of a PSI or failed to appear, then the court was allowed to sentence him to a "less favorable disposition" than that provided for in the agreement.

On February 26, 2016, Christner entered his guilty plea and the court deferred acceptance or rejection thereof pending the receipt of a PSI and approval of the plea agreement. The court ordered the preparation of a PSI and set the matter for sentencing on April 21. Christner moved to continue the subsequent sentencing hearing, noting he initially "did not show up for his PSI Interview," but was interviewed thereafter, and the department of corrections would need additional time to complete the PSI.[1] The court continued

---

[1] At the time the motion to continue was filed, the department of corrections had previously filed a report with the court noting Christner's refusal to cooperate with the

sentencing to May 13. At the May 13 sentencing hearing, Christner's counsel moved for another continuance to allow Christner more time to obtain a substance-abuse evaluation, as Christner was unaware that he was required to obtain the evaluation. The court responded:

> Having had an opportunity to review the plea agreement and the PSI, the Court is going to grant the motion to continue for the following reasons. The Court is troubled that the plea agreement requires the State to recommend against incarceration, yet the PSI recommends incarceration . . . and further finds that the Defendant is at a high risk of violent re-offending . . . .
>
> The Defendant has previously been found to have—noted to have obtained substance abuse evaluation, sometimes successfully and sometimes unsuccessfully. I think this case—I'll advise defense counsel that this case is ripe for a rejection of the plea agreement.
>
> And I think that there might be some further negotiations between the parties required, or at least useful, in determining what sentencing recommendations the parties are going to make. The plea agreement, I think, is probably—
>
> Well, the plea agreement simply is not supported by the PSI. That's the fact that is presented in this sentencing, and I think that that presents, as I said, a situation that is ripe for rejection of a plea agreement.
>
> . . . .
>
> And, as I said, I think you might want to talk with the State about the plea agreement and the PSI because this one is troubling.

The court continued sentencing to June 22 but did not accept or reject the plea agreement.

Christner failed to appear for the June 22 sentencing hearing and a warrant issued for his arrest. Christner was taken into custody in November and sentencing was rescheduled. At the sentencing hearing, Christner moved to withdraw his guilty plea or, in the alternative, requested the court to honor the

---

preparation of the PSI and requesting that he be taken into custody. The PSI was ultimately completed on May 9.

plea agreement. The State withdrew its recommendation against incarceration, taking the position that because Christner failed to abide by the terms of the plea agreement, he was prohibited from withdrawing his guilty plea and the court was allowed to impose a less-favorable sentence than that included in the plea agreement. The court disallowed the withdrawal of the guilty plea, noting Christner failed to appear at sentencing and failed to obtain substance-abuse treatment. The court sentenced Christner to, among other things, a term of incarceration not to exceed five years. Christner appeals.

Christner's sole argument on appeal is that the district court, at the May 13 hearing on the motion to continue, "abused its discretion by commenting and forecasting the result of a sentencing, prior to" actual sentencing. Specifically, Christner argues the judge's remarks at the continuance hearing soured the remainder of the proceedings, after which he "chose not to appear for the scheduled sentencing hearing on June 22, 2016 and a bench warrant was issued." We elect to bypass the State's error-preservation concern and proceed to the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999) (bypassing an error-preservation issue and proceeding to the merits of the appeal).

We need not decide whether the court's comment on the viability of the plea agreement at the continuance hearing was an abuse of discretion because reversal is not appropriate if the error was harmless. *See State v. Richards*, 879 N.W.2d 140, 145 (Iowa 2016). Here, Christner suffered no adverse action as a result of the court's comments. The court did not accept or reject the plea agreement at the continuance hearing, and there is no claim or indication the

sentencing court was made aware of the concerns. Rather, Christner got what he wanted—a continuance.

He contends the challenged comments were what caused him to not appear at the subsequent sentencing hearing, which ultimately resulted in the sentencing court denying his request to withdraw his guilty plea. Even assuming that to be true, we decline to endorse this behavior. After the continuance hearing, Christner should have made every effort to abide by the terms of the plea agreement prior to sentencing on June 22 and, if the sentencing court ultimately rejected the plea agreement for reasons similar to the ones noted at the continuance hearing, he would have been able to withdraw his plea. Instead, Christner decided to violate the terms of the plea agreement in multiple respects, resulting in the court's denial of his request to withdraw his plea, the State's withdrawal of its recommendation against incarceration, and the imposition a less-favorable sentence. We agree with the sentencing court's assessment of the situation:

> [Y]ou failed to appear and failed to follow through with the recommendation of the plea agreement that you obtain treatment. So those are your actions, not anybody else's, not your attorney's, not the State; and those are your choices, and given those choices, you're going to have to face the consequences of those choices.

We conclude any negative impact suffered was a result of Christner's own volitional acts, not from the comments made by the court at the continuance hearing. We affirm Christner's conviction and sentence.

**AFFIRMED.**