## IN THE COURT OF APPEALS OF IOWA

No. 17-1095
Filed August 1, 2018

**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**STEVEN CHANEY,**
        Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Cheryl E. Traum, District Associate Judge.

Steven Chaney appeals his convictions, following a jury trial, of assault on a police officer and interference with official acts. **AFFIRMED.**

Thomas A. Hurd of Glazebrook, Greenberg & Hurd, LLP, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**MULLINS, Judge.**

Steven Chaney appeals his convictions, following a jury trial, of assault on a peace officer and interference with official acts, contending the district court abused its discretion in denying his motion in limine requesting exclusion of a portion of a video displaying the circumstances of his arrest. Chaney specifically argues the evidence's probative value was substantially outweighed by the danger of unfair prejudice.

Upon the evidence presented at trial, a reasonable jury could have made the following factual findings. On June 22, 2016, Officer Karl Drezek of the Davenport Police Department was providing security for a local convenience store. At approximately 11:00 p.m., Drezek was advised by a store employee a "fight or disturbance" was occurring in the store's parking lot. Drezek made his way to the area of the disturbance and observed three individuals—Chaney, Annette Spight, and Jameelah Bogan—engaged in a "physical fight." Drezek made contact with the subjects, but was unable to deescalate the situation. Drezek advised he would be calling for backup and he would be arresting the group for disorderly conduct, upon which the three subjects got into their vehicle and attempted to leave. Drezek advised the subjects they could not leave and approached the vehicle and directed Bogan to give him the keys to the vehicle. When Drezek reached for the keys, Bogan "pulled away," upon which Chaney grabbed Drezek's arm. Surprised, Drezek pushed Chaney to the ground and backed away. Chaney immediately got up from the ground and began yelling at Drezek. Chaney advised he "was going to kick [Drezek's] ass" and "balled up his hands like he was going to fight." Bogan intervened and, while she was distracting Chaney, Drezek grabbed Chaney's arm,

took him to the ground, and sat on him. Chaney resisted, attempting to writhe from Drezek's control, and continued to threaten Drezek. This struggle continued until four other officers arrived on the scene roughly four minutes later and took control of Chaney and Bogan.

Officers Austin Ryckeghem and Gregory Lalla took control of Chaney, placed him in handcuffs, and attempted to secure him in the back seat of Ryckeghem's patrol car. As the officers were placing Chaney in the patrol car, Chaney kicked Lalla in the upper thigh.

Chaney was ultimately charged with public intoxication; disorderly conduct; interference with official acts; and two counts of assault on a peace officer, one count as to Drezek and one count as to Lalla.

Prior to trial, Chaney filed a motion in limine requesting the court to exclude a specific portion of Ryckeghem's squad car video, contending his "arrest and subsequent charges had already occurred and any portion of the video following the basis for the arrest and charges is irrelevant, unduly prejudicial, inflammatory and would only be used to incense the jury."[1] The district court considered the

---

[1] Chaney only requested that the portion of the video occurring after the 2:19 mark be excluded. The six-minute video depicts the back seat of Ryckeghem's patrol car. In the first approximate forty seconds of the video, Chaney has not yet been placed in the patrol car, but he can be heard stating "I'm gonna beat your ass" and calling one of the officers a "bitch" several times. In the next twenty seconds of the video, Chaney can be heard arguing with the officers about the circumstances of his arrest. At the one-minute mark, the officers begin placing Chaney in the patrol car. In the next approximate eighty seconds, Chaney can be heard calling the officers "bitch" several more times and can be seen kicking his leg toward one of the officers, after which he is immediately removed from the vehicle and placed in additional restraints. Chaney is then re-secured in the back seat of the patrol car at approximately the 2:19 mark. In the portion Chaney requested be excluded, he can be heard referring to the officers as a "bunch of bitches" several times; he exclaims "fuck you bitch" and "fuck you" several times; he calls the officers "bitch," "hoe ass," and "dumbass bitch" several times; he calls one of the officers a "fucking-ass,

motion the morning of trial. The State argued the contents of the video were "relevant to show [Chaney's] state of mind and relative to the facts of intoxication, [Chaney's] demeanor when he assaulted the police officer, [and] his demeanor for the interference." Chaney's counsel argued the comments made by Chaney in the video are "too prejudicial" and would "inflame the jury." The court ruled the video would be admissible in its entirety.

The jury found Chaney guilty of interference with official acts and assault on a peace officer as to Lalla. The jury found Chaney not guilty of disorderly conduct, public intoxication, and assault on a peace officer as to Drezek. Chaney appealed following the imposition of sentence.

As noted, Chaney contends the district court abused its discretion in denying his motion in limine requesting exclusion of a portion of the video displaying the circumstances of his arrest. Chaney appears to agree the evidence was at least minimally relevant,[2] but seems to argue the court abused its discretion in failing to consider whether, or rule that, the evidence's probative value was substantially outweighed by the danger of unfair prejudice. *See* Iowa R. Evid. 5.403 ("The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."). The State maintains Chaney failed to preserve error on his claim, contending the district court's pretrial ruling on the admissibility of the challenged evidence was not

hoe-ass nigger"; he states "fuck you, get the fuck out of my face"; and he directs one of the officers to "suck my dick bitch" several times.

[2] To the extent Chaney challenges the relevancy of the evidence, we note our agreement with the district court that the conduct displayed in the video was minimally relevant to the crimes charged. *See* Iowa R. Evid. 5.401.

unequivocal and Chaney failed to object to the admissibility of the video when it was offered at trial. We choose to bypass the State's error-preservation concern and proceed to the merits. *See, e.g.*, *State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

Appellate review of the district court's rulings on the admissibility of evidence on prejudice grounds is for an abuse of discretion. *See Mercer v. Pittway Corp.*, 616 N.W.2d 602, 612 (Iowa 2000). An abuse of discretion "occurs when a district court exercises its discretion on grounds or for reasons clearly untenable or to an extent clearly unreasonable." *State v. Gomez Garcia*, 904 N.W.2d 172, 177 (Iowa 2017) (quoting *State v. Wilson*, 878 N.W.2d 203, 210–11 (Iowa 2016)). "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Id.* (quoting *Graber v. City of Ankeny*, 616 N.W.2d 633, 638 (Iowa 2000)). "Reversal is only warranted when 'a substantial right of the party is affected.'" *Mercer*, 616 N.W.2d at 612 (quoting *McClure v. Walgreen Co.*, 613 N.W.2d 225, 235 (Iowa 2000)). If the record shows a lack of prejudice on a particular ruling, reversal is inappropriate. *See id.*

Chaney asserts the language contained in the portion of the video he requested to be excluded

> would very likely have resulted in members of the jury developing a strong personal dislike for [him] . . . that could very well taint their judgment and result in their convicting [him] based on his character rather than based on the application of the law to the evidence presented.

Chaney's argument fails to account for the fact that the jury returned not-guilty verdicts on three of the charged crimes. Such mixed verdicts make clear that the

language used by Chaney in the portion of the video he requested to be excluded did not provoke the jury to convict him "out of hostility, passion, bias or any other improper basis." *See State v. Payton*, 481 N.W.2d 325, 327 (Iowa 1992); *see, e.g., United States v. Aramony*, 88 F.3d 1369, 1378–79 (4th Cir. 1996) ("[T]he absence of unfair prejudice is further demonstrated by the fact that the jury returned a mixed verdict, evidencing that the jury was not excited to irrational behavior during its deliberations."); *State v. Washington*, 521 N.W.2d 35, 40 (Minn. 1994) ("Where the jury has acquitted the appellant of some counts, but convicted the appellant of others, we view the verdicts as an 'indica[tion] that the members of the jury were not unduly inflamed." (alteration in original) (citation omitted)). Furthermore, although the hostility and vulgarity of Chaney's conduct somewhat escalated in the portion of the video that he requested to be excluded, his behavior toward the officers in the portion of the video to which he did not object was similarly hostile and unsavory. This negates the prejudicial effect of the admission of the challenged portion of the video. We conclude the danger of unfair prejudice, if any, did not *substantially* outweigh the evidence's probative value. Iowa R. Evid. 5.403. Finally, aside from the challenged portion of the video, there was overwhelming evidence in support of the verdicts for the offenses of which he was found guilty. *See State v. Parker*, 747 N.W.2d 196, 210 (Iowa 2008) (concluding erroneous admission of evidence was harmless where conviction was clearly based on overwhelming evidence of the defendant's guilt). So, even if the court had abused its discretion in admitting the challenged evidence, the State overcame any possible prejudice by presenting overwhelming evidence of guilt to support the convictions. *See id.* We affirm Chaney's convictions.

**AFFIRMED.**