# IN THE COURT OF APPEALS OF IOWA

No. 19-1240
Filed April 29, 2020

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**MARCIA RECHELLE BECK,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Nancy S. Tabor, Judge, and Christine Dalton, District Associate Judge.

Marcia Beck appeals her conviction of third-degree theft. **AFFIRMED**

Martha J. Lucey, State Appellate Defender, and Ashley Stewart, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Tyler J. Buller, Assistant Attorney General, for appellee.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ. Tabor, J., takes no part.

**MULLINS, Judge.**

Keegan Heisner is employed as an asset protection manager in a department store. Her duties include apprehending shoplifters. On July 22, 2018, around the time the store was about to close, Heisner received a radio call referencing an issue in the women's Nike clothing section. Heisner reported to the area and observed four women "frantically grabbing items off the racks and concealing it into purses" and she "could hear and see hangers falling to the ground." Heisner approached the women and observed "their purses were bulging." The women also had some items in their hands, which they threw on the ground. Then, the women left the store "one after another in a line," setting off the alarms on the doors to the store. Heisner was familiar with two of the women as frequenters of the store, and another employee identified them as Marcia Beck and Deandra Cooke. When Beck left the store, she threw a jacket in Heisner's face and fled into the parking lot. Heisner followed, and she observed all four women get into the same car and leave.

About five minutes before receiving the call to the women's Nike section, Heisner had gone through the area as part of her closing duties and not observed any signs of theft or hangers on the floor. She matched up empty hangers to the discarded items and then counted the remaining hangers for missing merchandise, which amounted to seventeen or eighteen hangers. Heisner testified the items she saw in the women's hands ranged from $50 to $80 apiece and confirmed on cross-examination "nothing on that rack is under $50." Heisner also testified she enters Nike items in for a theft on a daily basis and pays special attention to Nike merchandise because it is a high-theft brand.

Beck was formally charged by trial information with third-degree theft. The matter proceeded to a jury trial. Following the State's case-in-chief, Beck moved for judgment of acquittal, generally challenging the sufficiency of the evidence as to valuation of the stolen property and which of the suspects took what items. The court overruled the motion, concluding there was sufficient evidence to engender questions for the jury. The jury found Beck guilty of theft and determined "the value of the property stolen" to be "more than $500 but no more than $1000," thus amounting to third-degree theft. *See* Iowa Code § 714.2(3) (2018).[1]

Beck appeals, challenging the sufficiency of the evidence to support her conviction. Specifically, she argues there is insufficient evidence to show she aided and abetted and the evidence on valuation was insufficient to establish theft in the third degree.

Challenges to the sufficiency of the evidence are reviewed for correction of errors at law. *State v. Albright*, 925 N.W.2d 144, 152 (Iowa 2019). The court views "the evidence 'in the light most favorable to the State, including all reasonable inferences that may be fairly drawn from the evidence.'" *State v. Ortiz*, 905 N.W.2d 174, 180 (Iowa 2017) (quoting *State v. Huser*, 894 N.W.2d 472, 490 (Iowa 2017)). All evidence is considered, not just that of an inculpatory nature. *See Huser*, 894 N.W.2d at 490. "[W]e will uphold a verdict if substantial evidence supports it." *State v. Wickes*, 910 N.W.2d 554, 563 (Iowa 2018) (quoting *State v. Ramirez*, 895 N.W.2d 884, 890 (Iowa 2017)). "Evidence is substantial if, 'when viewed in the light most favorable to the State, it can convince a rational jury that the defendant

---

[1] Section 714.2 was amended, effective, July 1, 2019, to change the degrees of theft based upon the value of property stolen. *See* 2019 Iowa Acts ch. 140, § 11.

is guilty beyond a reasonable doubt.'" *Id.* (quoting *Ramirez*, 895 N.W.2d at 890). Evidence is not rendered insubstantial merely because it might support a different conclusion; the only question is whether the evidence supports the finding actually made. *See Brokaw v. Winfield-Mt. Union Cmty. Sch. Dist.*, 788 N.W.2d 386, 393 (Iowa 2010). In considering a sufficiency-of-the-evidence challenge, "[i]t is not the province of the court . . . to resolve conflicts in the evidence, to pass upon the credibility of witnesses, to determine the plausibility of explanations, or to weigh the evidence; such matters are for the jury." *State v. Musser*, 721 N.W.2d 758, 761 (Iowa 2006) (quoting *State v. Williams*, 695 N.W.2d 23, 28 (Iowa 2005)).

As to the sufficiency of the evidence on aiding and abetting, Beck argues "the record does not support that [she] acted in conjunction with the other three women," her "mere presence in the same location at the same time as the other three women does not establish aiding and abetting," "[t]he record does not support that the women had a plan to be in the store at the same time as part of an effort to commit theft," and "[t]he record provides no[] details to solidify that her presence in the store at the same time was merely a coincidence." We elect to bypass the State's error-preservation concern and proceed to the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

Upon our review, and viewing the evidence in the light most favorable to the State, we disagree with Beck. Heisner observed all four women in close proximity to one another grabbing merchandise and putting them in their purses. After the women learned the jig was up, they exited the store together, got in the same vehicle, and left. While we agree mere presence at the scene of the crime is insufficient to support a finding of aiding and abetting, *Fryer v. State*, 325 N.W.2d

400, 406 (Iowa 1982), stating Beck was merely present is a far cry from what the evidence really shows. The evidence shows Beck actively participated in the commission of the crime, which is substantial evidence that she aided and abetted. *See Fryer*, 325 N.W.2d at 406 ("There is sufficient evidence for the jury to have found that applicant either knowingly assented to the act or lent countenance or approval by active participation in it or by some manner encouraging it prior to its commission.").

Next, Beck argues the "estimated valuation of the clothing was based on speculation and therefore insufficient to establish theft in the third degree." She complains, "No evidence was presented about verifying what items were in the four individual purses or what caused the door to beep" and Heisner's valuation "was based on speculation." Again, we disagree. Heisner specifically testified the stolen items were sweatpants and hoodies, each valued at no less than $50. There were seventeen or eighteen empty hangers that were left absent their clothing counterpart. Crunching those numbers results in a product well in excess of the statutory threshold for third-degree theft, $500, *see* Iowa Code § 714.2(3), and we conclude, viewing the evidence in the light most favorable to the State, a rational jury could conclude Beck was guilty of third-degree theft beyond a reasonable doubt.

Having found the evidence sufficient to support Beck's conviction of theft in the third degree, we affirm.

**AFFIRMED.**