# IN THE COURT OF APPEALS OF IOWA

No. 19-1145
Filed June 3, 2020

**ALEJANDRO LIRA,**
Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
Respondent-Appellee.

_____

Appeal from the Iowa District Court for Clinton County, Marlita A. Greve, Judge.

Alejandro Lira appeals the denial of his application for postconviction relief. **AFFIRMED.**

Cari-Ryan Campbell (until withdrawal) and Zeke R. McCartney of Reynolds & Kenline, L.L.P., Dubuque, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, for appellee State.

Considered by Vaitheswaran, P.J., and Mullins and Ahlers, JJ.

**MULLINS, Judge.**

Alejandro Lira was convicted of first-degree robbery and attempted murder. His convictions were affirmed by this court on direct appeal. *See generally State v. Lira*, No. 16-2022, 2017 WL 4842625 (Iowa Ct. App. Oct. 25, 2017). In August 2018, Lira filed an application for postconviction relief, claiming, among other things, he received ineffective assistance of counsel and his right to a jury drawn from a fair cross-section of the community was violated. In his amended application, Lira specified (1) he is Hispanic and was tried before an all-white jury; (2) his counsel was ineffective in failing to conduct an adequate pretrial investigation, namely obtaining photographs purportedly indicating Lira was assaulted in relation to the incident resulting in his convictions; and (3) his counsel was ineffective in not moving for a change of venue based on pretrial publicity.

The matter proceeded to a postconviction-relief hearing. An Illinois attorney who does not practice in Iowa testified Lira met with him concerning the incident resulting in his conviction before he was arrested and during the meeting he observed "[s]ignificant damage" to Lira's front teeth. Lira reported to him the damage was the result of a gun barrel being stuck into his mouth. The attorney took a photograph of Lira's teeth on his cell phone. However, the cell phone later malfunctioned. Later, Lira's defense counsel in the criminal proceeding contacted the Illinois attorney to obtain the photograph; the attorney reported he no longer had the photograph because his cell phone had malfunctioned. The attorney suggested that defense counsel look into Lira's jail or dental records, if any existed.

Lira testified the jury in his criminal case contained "no persons of color," and he also did not observe "any nonwhite individuals in the jury pool." He also

testified the damage to his teeth resulted from a gun being shoved into his mouth. However, he did not receive any dental care to fix his teeth until while he was incarcerated about a year later, prior to trial. On cross-examination, Lira testified the only individuals from the jury pool who had any knowledge of the case based on pretrial publicity were excused from serving as jurors in the case, and those jurors noted said knowledge of the case in chambers outside the presence of the remaining prospective jurors.

Lira's defense counsel in the criminal proceeding also testified. He noted he discussed the issue of the makeup of the jury with Lira, as that is often an issue in the county due to a lack of minorities in the county population, but Lira did not express any concerns regarding the makeup of the jury. He also testified he contacted the Illinois attorney regarding the photograph of Lira's teeth, but the attorney was unable to access the photograph. He testified he did not pursue jail records of the dental work to Lira's teeth while in custody because there was ample evidence to show that Lira was struck in the face multiple times by his victim. As to the change-of-venue issue, counsel testified none of the jurors had any knowledge about Lira or the facts of the case.

Following the hearing, the court entered a written order denying Lira's application. The court concluded Lira provided no evidence in support of his fair-cross-section claim. As to the failure-to-investigate claim, the court concluded counsel did not fail to perform an essential duty resulting in prejudice. The court pointed out trial counsel pursued the photograph, but it was no longer in existence. The court also agreed with counsel that other evidence of the dental injury would add nothing to the case. As to the change-of-venue claim, the court concluded

Lira suffered no prejudice because the jurors that served in his trial had no knowledge of the case based on pretrial publicity.

Lira now appeals. He first challenges the court's denial of relief on his claims of ineffective assistance of counsel. Appellate review of claims of ineffective assistance of counsel is de novo. *State v. Gordon*, ___ N.W.2d ___, ___, 2020 WL 2090108, at *2 (Iowa 2020). To succeed on his ineffective-assistance-of-counsel claims, Lira must establish "(1) that counsel failed to perform an essential duty and (2) that prejudice resulted." *State v. Kuhse*, 937 N.W.2d 622, 628 (Iowa 2020); *accord Strickland v. Washington*, 466 U.S. 668, 687 (1984). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

Lira first claims his trial counsel was ineffective in failing to investigate photographs or dental records to corroborate the theory a gun was placed in his mouth. But counsel did investigate the photograph. It was inaccessible due to no fault of his own. We find counsel did not fail to perform an essential duty as to the photograph. And, although Lira testified at his postconviction trial that his teeth were fixed while he was in the county jail in the summer of 2016, he presented no evidence of any dental records that trial counsel should have discovered and presented at his trial. Absent a showing by a preponderance of the evidence that such dental records did exist or that they showed the alleged damage to his teeth, we are unable to say that Lira suffered prejudice as a result of counsel's failure to pursue them. We find counsel was not ineffective on this point.

Lira next claims his counsel was ineffective in failing to pursue a change in venue based on pretrial publicity.  We wholly agree with the district court that Lira suffered no prejudice because the jurors that served in his trial had no knowledge of the case based on pretrial publicity.  We likewise conclude counsel was not ineffective on this point.

Finally, Lira claims his constitutional right to a jury drawn from a fair cross-section of the community was violated simply because all of the jurors at his trial were white.  Bypassing the State's error-preservation concern, *see State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999), we note our agreement with the district court that Lira presented no evidence in support of his claim, other than the mere fact that his jury was all white.  The evidence was thus insufficient to establish the elements necessary to establish a prima facie violation of the fair cross-section requirement:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process.

*State v. Plain*, 898 N.W.2d 801, 821–22 (Iowa 2017) (quoting *Duren v. Missouri*, 439 U.S. 357, 364 (1979)).[1]

---

[1] We note *Plain* overruled "precedent that had adopted the absolute-disparity method as the exclusive indicator of representativeness under the second *Duren* prong" and held:

> Parties challenging jury pools on the ground that they are unrepresentative may base their challenges on multiple analytical models [such as the absolute disparity, comparative disparity, and standard deviation tests].  The district court may use multiple analytical models in its analysis, taking into account the various strengths and weaknesses of each test when determining whether jury pools comport with the Sixth Amendment mandate of representativeness.

We find counsel was not ineffective as alleged and conclude Lira failed to meet his burden to establish a violation of the fair cross-section requirement.  As such, we affirm the denial of Lira's application for postconviction relief.

**AFFIRMED.**

---

*Thongvanh v. State*, 938 N.W.2d 2, 7 (Iowa 2020) (alteration in original) (quoting *Plain*, 898 N.W.2d at 827).  Because Lira presented no evidence in support of his claim, whether *Plain* or prior precedent applies is irrelevant.