# IN THE COURT OF APPEALS OF IOWA

No. 19-1597
Filed April 14, 2021

**CHESTER HOWARD GREENUP,**
     Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
     Respondent-Appellee.
_____

     Appeal from the Iowa District Court for Polk County, Scott D. Rosenberg,

Judge.


     Chester Greenup appeals the summary disposition of his application for

postconviction relief. **AFFIRMED.**


     Raya D. Dimitrova of Carr Law Firm, P.L.C., Des Moines, for appellant.

     Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney

General, for appellee State.


     Considered by Bower C.J., Doyle, J., and Scott, S.J.*

     *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2021).

**SCOTT, Senior Judge.**

**I.      Background**

In 1999, a jury found Chester Greenup guilty of first-degree kidnapping, first-degree theft, and eluding.  On direct appeal, he challenged the sufficiency of the evidence as to the kidnapping conviction and made claims of ineffective assistance of counsel.  *State v. Greenup*, No. 99-0256, 2000 WL 852799, at *1 (Iowa Ct. App. June 28, 2000).  We affirmed the conviction but preserved the ineffective-assistance claims for postconviction relief (PCR).  *Id.* at *2–3.  Procedendo issued in September 2000.

Greenup filed a PCR application about a year later, the 2007 denial of which was affirmed by this court on appeal.  *See generally Greenup v. State*, No. 07-0542, 2008 WL 4569878 (Iowa Ct. App. Oct. 15, 2008).  He filed a second application in 2015, it was denied, and we affirmed.  *See generally Greenup v. State*, No. 16-0826, 2017 WL 3505293 (Iowa Ct. App. Aug. 16, 2017).

Greenup filed the application precipitating this appeal in early August 2018. He alleged "ineffective assistance of successive PCR counsel" and claimed he was excepted from the statute of limitations based on the supreme court's recent decision in *Allison v. State*,[1] which was filed in late June 2018.  He specifically

---

[1] *See* 914 N.W.2d 866, 891 (Iowa 2018) (holding that where a timely PCR application is filed within the statute of limitations alleging ineffective assistance of trial counsel and a successive application is filed that alleges ineffective assistance of PCR counsel in presenting the ineffective-assistance-of-trial-counsel claim during the first PCR proceeding, then the filing of the second application relates back to the time of the filing of the original application so long as the successive application is filed promptly after the conclusion of the original action); *see also* Iowa Code § 822.3 (2018) (noting "applications must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued").

alleged his trial counsel was ineffective for failing to object to a kidnapping instruction that failed to include the *State v. Rich* tripartite intensifiers and all subsequent counsel were ineffective in failing to raise the issue. *See* 305 N.W.2d 739, 745 (Iowa 1981) (concluding "confinement" or "removal" under section 710.1 "require[s] more than the confinement or removal that is an inherent incident of commission of the crime of sexual abuse" and "confinement or removal may exist because it *substantially* increases the risk of harm to the victim, *significantly* lessens the risk of detection, or *significantly* facilitates escape following the consummation of the offense" (emphasis added)). He argued his "PCR counsel denied effective assistance of counsel for failing to properly argue the aforementioned issues."

The State filed a motion for summary disposition on statute-of-limitations grounds. The State argued "relation back is not available to the applicant in this case because (1) this is not a *second* application but a *third*, and (2) neither the second application nor this third application were promptly filed after the conclusion of a timely-filed action." The matter proceeded to hearing, after which the court entered an order granting the State's motion for summary disposition. Greenup appeals.

## II.    Analysis

### A.    Disqualification of Appellate Counsel

We begin with an issue that arose while this appeal was pending. Greenup filed his notice of appeal in September 2019. In November, he filed a combined pro se motion with the supreme court clerk's office, forwarding various requests. The State resisted, and Greenup filed a pro se motion to strike the resistance. In

a single-justice order, relying on Iowa Code section 822.3A(1) (Supp. 2019),[2] which directs applicants currently represented by counsel to not file any pro se document in any Iowa court and prevents courts from considering the same, the supreme court took no action on Greenup's motions. Greenup requested a three-justice review, and a three-justice panel confirmed the single-justice order as the order of the court. After the parties submitted their proof briefs, Greenup filed a motion for disqualification and removal of his counsel, alleging he filed a complaint against his attorney for violations of the rules of professional conduct.[3] He contemporaneously filed a pro se reply brief. After final briefs were submitted, Greenup's appellate counsel moved to withdraw, citing her receipt of an ethics complaint filed by Greenup. Greenup subsequently filed another brief. The supreme court ordered Greenup's motion for disqualification and removal and counsel's motion to withdraw be submitted with this appeal.

The court may only grant a motion seeking disqualification of counsel upon a showing of good cause. Iowa Code § 822.3A(3). Because Greenup is still represented by counsel, with exception to his motion to disqualify, we are statutorily prohibited from considering any of Greenup's pro se filings, including his other motions, memorandums, letters, or pro se briefs. *See id.* § 822.3A(1), (3). Our statutory authority to consider those other items does not trigger until Greenup

---

[2] The statute became effective July 1, 2019, roughly two months before the court entered judgment on Greenup's application. *See* 2019 Iowa Acts ch. 140, § 35; *see also State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019) ("[S]tatutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered." (citation omitted)).

[3] Greenup cited Iowa Code section 814.6A(3) in support of his request, which allows a *defendant* to seek disqualification of counsel based upon good cause. Section 822.3A(3) is the PCR counterpart to section 814.6A(3).

is no longer represented by counsel. *See id.* So we limit our good-cause determination to his motion and memorandum to disqualify. In his motion, Greenup simply stated: "[D]ue to a breakdown in the attorney-client relationship, several violations of the Iowa Rules of Professional Conduct, a *pending* complaint with the Iowa State Bar Association and a significant conflict of interest, disqualification of current counsel is appropriate." In his memorandum in support of his motion, he also vaguely stated he "submitted an ethics complaint against [counsel] alleging various violations of the Iowa Rules of Professional Conduct involving her handling of matter's associated with this appeal." Greenup submits counsel now has a conflict of interest in representing him.

Our supreme court has yet to accept an opportunity to establish the parameters of good cause under section 822.3A(3), nor is it statutorily defined. "Good cause is defined in a variety of ways elsewhere in the Iowa Code and Rules of Procedure." *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020); *accord id.* at n.2 (collecting authorities on the issue of good cause). What we do know is what constitutes good cause is context-specific and commonly means "[a] legally sufficient reason." *Id.* (alteration in original) (quoting *Good Cause*, *Black's Law Dictionary* (11th ed. 2019)). Iowa Rule of Professional Conduct 32:1.16(b)(7) also permits counsel to withdraw if "good cause for withdrawal exists."

Here, the basis for Greenup's request for disqualification is that he and his counsel will be "adverse witnesses" in the ethical complaint proceeding. There is no allegation of a conflict of interest in counsel's ongoing representation of Greenup in this appeal. In fact, counsel completed the bulk of her work on this case and filed her proof brief prior to Greenup's request for disqualification, and

this matter has been submitted to us without oral argument, so counsel will not be providing any additional services that may be tainted by an alleged conflict. So we find no conflict of interest as it relates to counsel's representation of Greenup in this appeal and, consequently, no legally sufficient reason to grant Greenup's motion for disqualification. Our disposition on the merits, below, also negates good cause, as it disposes of all of Greenup's preserved claims he made below. We deny the motion for disqualification and motion to withdraw.

B.      Merits

We turn to whether summary disposition was appropriate based on the three-year statute of limitations contained in Iowa Code section 822.3. We choose to bypass the State's error-preservation argument and proceed to the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999). We ordinarily review summary disposition rulings in PCR proceedings for legal error, but our review is de novo when claims of ineffective assistance of counsel come into play. *Linn v. State*, 929 N.W.2d 717, 729 (Iowa 2019).

Under former law, ineffective assistance of PCR counsel could not "serve as an exception to the three-year statute of limitations" and allow for the filing of a successive application outside of the limitations period. *See Dible v. State*, 557 N.W.2d 881, 886 (Iowa 1996), *abrogated on other grounds by Harrington v. State*, 659 N.W.2d 509, 520 (Iowa 2003). Shortly before Greenup filed the application precipitating this appeal, the *Allison* court ruled successive applications are timely if filed "promptly" after the conclusion of the original PCR action. 914 N.W.2d at 891. *Allison* only applies when a PCR application alleging ineffective assistance of trial counsel is timely filed and a successive application alleging ineffective

assistance of first PCR counsel is promptly filed after the original action. *Id.* The application before us was not filed promptly after the conclusion of the original proceeding, nor was his second application, so the time of filing of the application before us does not relate back. *See, e.g.*, *Polk v. State*, No. 18-0309, 2019 WL 3945964, at *2 (Iowa Ct. App. Aug. 21, 2019) (noting a gap in the neighborhood of six months does not meet the definition of prompt); *see also Johnson v. State*, No. 19-1949, 2021 WL 210700, at *2 (Iowa Ct. App. Jan. 21, 2021) (collecting cases on the meaning of "filed promptly").[4]

Greenup also argued below that *Allison* amounts to a new ground of law that could not have been raised earlier and should except him from the statute of limitations. *See* Iowa Code § 822.3 (noting the statute of limitations "does not apply to a ground of . . . law that could not have been raised within the applicable time period"). Assuming without deciding that is true, we still conclude Greenup is

---

[4] We note section 822.3 was amended, effective July 1, 2019, before judgment on Greenup's application was entered, to arguably overrule *Allison* outright, to provide: "An allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods." 2019 Iowa Acts ch. 140, § 34. As noted, the supreme court has ruled "statutes controlling appeals are those that were in effect at the time the judgment or order appealed from was rendered." *Macke*, 933 N.W.2d at 228 (citation omitted). Because the State "assumes, without conceding, that the amendment does not apply to actions filed before the effective date," we do not consider the applicability of the amendment. *See Palmer v. State*, No. 19-1487, 2021 WL 811161, at *1 n.1 (Iowa Ct. App. Mar. 3, 2021) (noting ruling was filed after effective date of amendment but not addressing it based on agreement with district court that *Allison* did not save the application); *Moon v. State*, No. 19-2037, 2021 WL 610195, at *4 n.6 (Iowa Ct. App. Feb. 17, 2021) ("This amendment appears to abrogate *Allison*, although it is not yet clear what PCR applications the amended legislation applies to."); *Johnson v. State*, No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (finding it unnecessary to address the amendment's applicability because application was time-barred under either the prior or new version of the statute).

not entitled to relief on his claim at any stage that his trial counsel was ineffective in failing to obtain a kidnapping instruction including the *Rich* intensifiers. To succeed on an ineffective-assistance claim, Greenup must show (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *State v. Warren*, ___ N.W.2d ___, ___, 2021 WL 833551, at *6 (Iowa 2021). Failure to prove either will preclude relief. *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017).

In assessing the sufficiency of the evidence supporting Greenup's kidnapping conviction on direct appeal, we specifically applied the *Rich* tripartite test, and we concluded Greenup confined his victim "for a longer period of time than was necessary to commit the sexual assault and theft," he "substantially increased the risk of harm to [the victim] by leaving her in an unfamiliar area," and his actions were "indicative of intent to avoid detection and facilitate escape." *Greenup*, 2000 WL 852799, at *2. So, assuming without deciding that trial counsel breached an essential duty in failing to obtain a kidnapping instruction including the *Rich* intensifiers, any prejudice dissolved when we applied the tripartite test on direct appeal and found it satisfied. With that holding in mind, no subsequent counsel was under any duty to raise the issue.

## III.    Conclusion

We deny Greenup's motion to disqualify appellate counsel and counsel's motion to withdraw. We affirm the summary disposition of Greenup's PCR application.

**AFFIRMED.**