# IN THE COURT OF APPEALS OF IOWA

No. 20-0113
Filed June 16, 2021

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**NIKOLI HERRERA,**
Defendant-Appellant.
_____

Appeal from the Iowa District Court for Scott County, Tamra Roberts, Judge.

Nikoli Herrera appeals following the imposition of sentence on his conviction. **AFFIRMED.**

Kent A. Simmons, Bettendorf, for appellant.

Thomas J. Miller, Attorney General, and Martha E. Trout, Assistant Attorney General, Assistant Attorney General, for appellee.

Considered by Doyle, P.J. and Mullins and May, JJ.

**MULLINS, Judge.**

Nikoli Herrera appeals following the imposition of sentence on his conviction, following a guilty plea,[1] of second-degree theft.[2] He challenges the factual basis supporting his plea to the theft charge and argues the sentencing[3] court failed to state its reasons for denying the imposition of a deferred judgment.

As to the factual basis for second-degree theft, Herrerra acknowledges he failed to file a motion in arrest of judgment to challenge his plea, despite being adequately advised of his obligation to do so. He also acknowledges a failure to do so precludes relief on appeal. *See* Iowa Rs. Crim. P. 2.8(2)(d), .24(3)(a). He further agrees a related claim that counsel was ineffective is unavailable.[4] *See* Iowa Code § 814.7. Iowa Code section 814.6(1)(a)(3) precludes a right of appeal where a defendant pleads guilty to a non-class "A" felony unless good cause is established. "Good cause" means a "legally sufficient reason." *State v. Treptow*, ___ N.W.2d ___, ___, 2021 WL 2172073, at *7 (Iowa 2021) (citation omitted). "By

---

[1] We bypass the State's motion-to-dismiss argument, which the supreme court ordered be submitted with this appeal, that Herrera's notice of appeal only provided notice he was challenging the sentence imposed. *Cf. State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999). If we do indeed lack jurisdiction on the guilty-plea issue, as the State submits, it is of no meaningful consequence, as recent supreme court precedent, discussed below, is dispositive on the issue.

[2] Herrera was also convicted of possession of marijuana in a separate criminal case. The supreme court granted Herrera's motion to consolidate the appeals of each criminal proceeding. It appears, however, Herrera's appellate challenges only relate to the theft charge.

[3] The State does not appear to contest Herrera has good cause to appeal because he is challenging the sentences imposed as opposed to his plea. *See* Iowa Code § 814.6(1)(a)(3) (2020); *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020).

[4] As to Herrera's references to "structural error," that simply amounts to a claim of cumulative ineffective assistance based on his argument his guilty plea lacked a factual basis, which would also be unreviewable on direct appeal. *See Krogmann v. State*, 914 N.W.2d 293, 313 (Iowa 2018); *see also* Iowa Code § 814.7.

definition, a legally sufficient reason is a reason that would allow a court to provide some relief. Here, there is no such possibility." *Id.* That is because Herrera's "failure to file a motion in arrest of judgment precludes appellate relief." *Id.* Neither exception to this bar applies, because the district court adequately advised Herrera of the consequences of failing to file a motion in arrest of judgment and a claim of ineffective-assistance is unavailable on direct appeal. *Id.* at *8.

Next, Herrera argues the sentencing court failed to state its reasons for denying the imposition of a deferred judgment. Herrera acknowledges the court considered his age; nature and seriousness of the offense; need for rehabilitation; employment circumstances; criminal and substance-abuse history; the need for deterrence; and his family support. Herrera requests that we require sentencing courts to state their reasons for denying a request for a deferred judgment. The law is clear and unambiguous—sentencing courts are not required to give reasons for rejecting particular sentencing options. *State v. Vanover*, 559 N.W.2d 618, 635 (Iowa 1997). So we affirm the sentence imposed.

**AFFIRMED.**