# IN THE COURT OF APPEALS OF IOWA

No. 22-1582
Filed November 21, 2023


**STATE OF IOWA,**
        Plaintiff-Appellee,

**vs.**

**BRYAN RICHARD CARR,**
        Defendant-Appellant.
_____

        Appeal from the Iowa District Court for Clinton County,
Kimberly K. Shepherd, District Associate Judge.


        Bryan Carr appeals his conviction for driving while revoked.  **AFFIRMED.**


        Stuart G. Hoover, East Dubuque, Illinois, for appellant.

        Brenna Bird, Attorney General, and Thomas J. Ogden, Assistant Attorney
General, for appellee.


        Considered by Bower, C.J., Ahlers, J., and Mullins, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206
(2023).

**MULLINS, Senior Judge.**

Bryan Carr appeals his conviction for driving a motor vehicle while his license was revoked. Carr briefly testified on his own behalf at trial. On appeal, he complains "the district court failed to enter into an appropriate colloquy on the record with [him] in order to determine if he understood his waiver of the right to remain silent at trial." Because Carr raises this claim for the first time on appeal, the State contests error preservation. We elect to bypass the error-preservation concern and address the claim on the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

On the merits, we summarily agree with the State's position that "the district court did not have a duty to make a record on Carr's decision to testify." As the supreme court has explained:

> [A] trial court has no constitutional or other duty to stop the trial proceedings and determine that a criminal defendant who is represented by legal counsel has validly exercised her Fifth Amendment rights in a jury trial. The decision to testify is not at the same level as that of a plea of guilty which deprives a defendant of numerous rights. Also, a decision whether to testify is one that is considered part of trial strategy. This is a matter that the trial court should not be involved in and is better left to the criminal defendant and his or her counsel.[1]

*Schertz v. State*, 380 N.W.2d 404, 415 (Iowa 1985); *cf. State v. Reynolds*, 670 N.W.2d 405, 413 (Iowa 2003) (concluding—except potentially in certain circumstances—the district court has "no obligation to sua sponte confirm on the

---

[1] The record indicates Carr's decision to testify was indeed strategic. While he admitted to driving while revoked, he submitted he was being "targeted" by the police and then the prosecution due to some sort of involvement he had with the military. He also stated he thought his license was only revoked for six months instead of twelve.

record that the defendant had knowingly and voluntarily waived his constitutional right to testify"); *State v. Klaassen*, No. 99-0943, 2000 WL 1027284, at *5 (Iowa Ct. App. July 26, 2000) ("The Constitution does not require the trial court to inquire into whether a waiver of a defendant's right to testify was knowing and voluntary.").

While Carr recognizes *Schertz* "refused to impose a requirement" that the district court weigh in on a defendant's decision to testify or not, he submits a colloquy was warranted under the circumstances of this case. He doesn't meaningfully explain why. While the supreme court has signaled that a colloquy "*might* be warranted" when there is an apparent disagreement between the defendant and counsel about the decision to testify, the defendant's desire to testify or not is thwarted by counsel, or the defendant is self-represented, *Reynold*s, 670 N.W.2d at 413 (emphasis added), none of those circumstances are present here. To the extent Carr argues his counsel was ineffective in relation to his decision to testify or not, we are without authority to decide such a claim on direct appeal. *See* Iowa Code § 814.7 (2022); *State v. Tucker*, 982 N.W.2d 645, 653 (Iowa 2022); *see also Klaassen*, 2000 WL 1027284, at *4 ("Trial counsel has the obligation to advise the defendant of his or her right to testify or not in a manner that would enable the defendant to make a knowing and intelligent choice.").

Finally, even if a colloquy was constitutionally required, alleged constitutional error does not entitle Carr to relief if we are "able to declare it harmless beyond a reasonable doubt." *State v. Gibbs*, 941 N.W.2d 888, 900 (Iowa 2020) (citation omitted). Even assuming a colloquy would have resulted in Carr not testifying, the State presented evidence identical to what Carr complains he testified about in his own defense. Because his testimony was "merely

cumulative of basically identical evidence" presented by the State, we declare any error was harmless beyond a reasonable doubt. *See State v. Miller*, No. 22-0832, 2023 WL 4759452, at *6 (Iowa Ct. App. July 26, 2023).

We affirm Carr's conviction.

**AFFIRMED.**