# IN THE COURT OF APPEALS OF IOWA

No. 21-0808
Filed April 27, 2022


**DERRICK SHAFER,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____


        Appeal from the Iowa District Court for Mahaska County, Crystal S. Cronk,

Judge.


        Derrick Shafer appeals the denial of his application for postconviction relief.

**AFFIRMED.**


        Denise M. Gonyea of McKelvie Law Office, Grinnell, for appellant.

        Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant

Attorney General, for appellee State.


        Considered by Tabor, P.J., Ahlers, J., and Scott, S.J.*

        *Senior judge assigned by order pursuant to Iowa Code section 602.9206

(2022).

**SCOTT, Senior Judge.**

Derrick Shafer appeals the denial of his application for postconviction relief (PCR), arguing the court erred in rejecting his claims of ineffective assistance of criminal trial counsel.

## I.    Background

In 2016, sentence was imposed upon Shafer's conviction of second-degree sexual abuse. The conviction resulted from a jury verdict finding Shafer guilty of engaging in a sex act with a person under the age of twelve in a hotel in 2010. Shafer filed a pro se PCR application in 2019. In an amended application, Shafer argued his criminal trial counsel was ineffective in failing to (1) call his two children as witnesses and (2) object to police officers testifying about alleged hearsay statements made by Shafer relating to his confession.

At the PCR trial, Shafer testified he notified counsel early on that his daughter[1] and son[2] could testify at the criminal trial. However, he agreed he did not notify counsel his son was present at the alleged scene of the crime until the middle of trial. Shafer also testified that, when he was questioned by officers, he

---

[1] At the PCR trial, the daughter testified she was sixteen or seventeen at the time of the crime and she did "some baby-sitting" for the victim previously when she lived in Kansas prior to the crime. She provided, when she previously babysat the child in Kansas, she observed her and her siblings engage in sexualized behavior and watch pornography. The daughter also testified she was molested by the victim's stepfather in Kansas.

[2] At the PCR trial, the son testified he travelled to Kansas with his father in 2010 to pick up the victim to come visit in Iowa. Then, in Iowa, the three of them stayed in a hotel for a period of time. The son essentially testified he was never outside the presence of Shafer and the victim while they stayed at the hotel except for small windows of time.

did not confess to the crime, and he asked for an attorney but his request was denied.[3]

When asked whether Shafer mentioned having either of his children testify during the criminal trial, counsel testified Shafer brought up his daughter as a potential witness when they "were fairly along in the case" but early enough that she could still be called, and he mentioned his son as a potential witness during trial, which was too late to call him. Counsel listed the daughter as a witness, and the State deposed her before trial. Counsel's assessment was that she would not be a "great witness" due to her inability to "testify specifically that all the time that [the victim] was there she was there," her mental health, and her abuse of methamphetamine resulting in "big gaps in her memory." According to counsel, he explained to Shafer that his daughter would be a poor witness and not helpful to his case but advised it was Shafer's decision, and Shafer agreed she should not be called as a witness.

Counsel recalled Shafer advised that his son "was around" at the time the alleged incident took place, although he was not always awake and "wasn't around 100 percent of the time" the victim was in Shafer's presence. Even though it was already too late to list the son as a witness, counsel assessed that the son would only be able to testify that he did not witness the crime, which would fit the State's theory of the case that the son was not present when Shafer committed the criminal act. As to both children, counsel preferred that they appear as supporting family

---

[3] Shafer's interaction with officers was video recorded, but the recording did not include audio.

members in the courtroom in front of the jury rather than serving as un-useful witnesses who would not be able to observe the trial.

As to Shafer's claim that counsel was ineffective in failing to object to police officers' testimony concerning Shafer's alleged confession to the crime as hearsay, counsel stated, "Those statements regarding the confession itself aren't hearsay, so I wouldn't have moved to try and keep them out as hearsay." Counsel was certain Shafer never informed him he asked for an attorney when he was questioned by officers, noting he would have unquestionably moved to suppress any confession if that were the case. A police officer who observed the interview also testified Shafer never requested an attorney.

The PCR court ultimately rejected Shafer's claims of ineffective assistance of counsel and denied his PCR application. Shafer now appeals.

## II. Standard of Review

We ordinarily review the denial of a PCR application for legal error, but our review is de novo when claims of ineffective assistance of counsel come into play. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). Because Shafer's claims concern the effectiveness of criminal trial counsel, he must prove by a preponderance of the evidence that (1) his counsel failed to perform an essential duty and (2) prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *State v. Lopez,* 907 N.W.2d 112, 116 (Iowa 2018). We "may consider either the prejudice prong or breach of duty first, and failure to find either one will preclude relief." *State v. McNeal*, 897 N.W.2d 697, 703 (Iowa 2017) (quoting *State v. Lopez*, 872 N.W.2d 159, 169 (Iowa 2015)).

## III.    Analysis

First, Shafer argues the court erred in not finding his counsel was ineffective for failing to call his children as defense witnesses.  He highlights his son's testimony "that he was with his father at all times in question and that, essentially, his father could not have committed the wrongdoing."  While he agrees his daughter "had some issues as a witness as far as substance abuse and memory issues," he argues the issue of her credibility could have been assessed by the jury and she possessed information concerning the victim's "exposure to sexual abuse" and another perpetrator.

As the State points out, the daughter was not around Shafer or the victim at the time of the crime and had little relevant information to offer, if any.  Also, counsel's tactical decision to not call the daughter based on substance abuse and memory issues, and instead have her appear in the courtroom gallery as a supportive daughter to Shafer, was certainly reasonable and does not amount to ineffective assistance.  *See State v. Polly*, 657 N.W.2d 462, 468 (Iowa 2003) ("Generally, the decision not to call a particular witness . . . to testify implicates a reasonable tactical decision" that "typically do[es] not constitute ineffective assistance of counsel").  In any event, counsel left the decision to Shafer, and Shafer decided the daughter should not be called.

Turning to the son, the record shows counsel was never informed by Shafer that his son was supposedly present at all times the crime could have occurred until it was too late to call the son as a witness.  As a result, we are unable to conclude counsel failed to perform an essential duty by failing to call him as a defense witness.  Even in hindsight, counsel would have preferred to not have the

son testify, because his purported testimony would have supported the State's theory of the case. And the son's testimony does not show that the son witnessed every second of Shafer's interaction with the victim during the one-and-a-half week stay at the hotel, as Shafer seems to suggest. The son was out of their presence on various occasions for smoke and bathroom breaks. Of course, he also had to sleep, and the son's testimony disclosed he slept on the floor while Shafer and the child shared the bed. Based on the evidence presented at trial, we are unable to conclude the son's testimony gives rise to a reasonable probability of a different outcome. Thus, Shafer was not prejudiced, and counsel was not ineffective as alleged.

Next, Shafer asserts his counsel was ineffective in "fail[ing] to object to police witness statements" as "potentially hearsay" or move to suppress his alleged confession to the officers.[4] Counsel pointedly testified a hearsay objection to the challenged testimony would be meritless for various reasons. On appeal, Shafer does not contest the propriety of counsel's assessment on this point, so neither do we. Instead, he only stresses counsel's failure to move to suppress his alleged confession on the basis that he was denied his request for counsel during his exchange with officers.

But Shafer's claim assumes the veracity of three things: (1) he was subjected to a custodial interrogation, (2) he invoked the right to counsel, and (3) his attorney was subsequently made aware but took no action. All of these

---

[4] We choose to bypass the State's error-preservation challenge to the portion of the argument relating to suppression of the confession. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

assumptions are based solely on Shafer's self-serving testimony, which the district court generally found lacking in credibility, and are unsupported by any corroborating evidence. *Cf. Dempsey v. State*, 860 N.W.2d 860, 869 (Iowa 2015) (noting, when proving the prejudice prong of an ineffective-assistance claim in the guilty plea-context, the applicant's burden requires "objective, corroborating evidence," and "subjective, self-serving testimony" is not enough). The circumstances of the exchange with law enforcement strongly militate against a finding of custody. Even if that was not the case, one of the officers involved specifically testified at the PCR trial that Shafer never requested the assistance of counsel. And criminal counsel specifically testified he could find no basis to pursue suppression of the confession, and Shafer never informed him he requested counsel. On this record, we find Shafer failed to meet his burden to show, by a preponderance of evidence, that counsel failed to perform an essential duty or that prejudice resulted. So we agree with the district court that counsel was not ineffective as alleged on this point either.

## IV. Conclusion

We affirm the denial of Shafer's PCR application.

**AFFIRMED.**