# IN THE COURT OF APPEALS OF IOWA

No. 22-1885
Filed February 7, 2024

**GARY ROMELLO WISE,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

    Appeal from the Iowa District Court for Black Hawk County, Joel Dalrymple, Judge.

    An offender found guilty of first-degree robbery appeals the denial of his application for postconviction relief. **AFFIRMED.**

    Christopher Kragnes Sr., Des Moines, for appellant.

    Brenna Bird, Attorney General, and Thomas E. Bakke, Assistant Attorney General, for appellee State.

    Considered by Tabor, P.J., and Badding and Chicchelly, JJ.

**TABOR, Presiding Judge.**

"The defense had no defense." That brutally honest assessment came from experienced public defender Matthew Hoffey, who represented Gary Wise in his robbery prosecution. In this appeal from denial of postconviction relief (PCR), Wise argues Hoffey provided ineffective assistance because he investigated no defense and "bullied" Wise into waiving a jury trial. Wise also alleges that he was prejudiced by the subpar performance of his PCR trial counsel, Jeremy Merrill. Because Wise failed to show that Hoffey breached a material duty in the criminal case or that Merrill's performance in the PCR proceedings resulted in prejudice, we affirm the denial of relief.

## I.     Facts and Prior Proceedings

Wielding a handgun, eighteen-year-old Wise held up the Pizza Hut where he used to work. Wise took money from the cash registers and a safe. Although he wore a bandana over his face, his former co-workers recognized his voice and physical features. They told police where he lived. Police intercepted Wise's car near that address. When police stopped Wise, he admitted the handgun and stolen cash were in his car. Officers also found a Pizza Hut money tray in the car. During a police interview, Wise confessed to the robbery.

The State charged Wise with robbery in the first degree and carrying weapons in August 2014. He waived his ninety-day and one-year speedy-trial deadlines and sought more than twenty continuances. Finally, in April 2017, he waived his right to a jury trial and agreed to a trial on the minutes of testimony. The district court found him guilty of first-degree robbery. The State dismissed the carrying-weapons charge. Because his offense was a forcible felony, the court

had to impose a twenty-five-year sentence with a seventy percent mandatory minimum before Wise was eligible for parole.

Wise appealed his sentence, arguing the mandatory-minimum term constituted cruel and unusual punishment based on his age. We rejected his constitutional challenge and affirmed his sentence. *See State v. Wise*, No. 17-1121, 2018 WL 2246861, at *3 (Iowa Ct. App. May 16, 2018).

In December 2018, Wise applied for PCR. In his application filed without the assistance of counsel, he alleged that attorney Hoffey was ineffective because he failed to "perform any investigation in this case" and "bullied this applicant into waiving a jury trial so that counsel did not have to perform voir dire." After he was appointed to represent Wise, attorney Merrill amended the PCR application to reframe those claims.

That amended application alleged that Hoffey was "ineffective for failing to inform applicant of the important constitutional rights he was waiving by stipulating to a trial on the minutes" and "for failing to fully investigate existing defenses available at the time of trial." In a brief filed before the PCR hearing, Merrill focused on Hoffey's "recommendation" that Wise proceed to trial on the minutes of testimony. Merrill argued: "It is not clear what motivated the decision to waive a jury trial. . . . In any event, it is hard to imagine a trial strategy that would justify that approach." The brief concluded: "Since the decision to waive a jury trial and bench trial resulted in Wise's conviction and sentence to the maximum possible crime without any strategic upside, Wise's trial counsel was ineffective in this case." That reference to counsel's ineffectiveness did not come with any discussion of prejudice under *Strickland v. Washington*. *See* 466

U.S. 668, 695 (1984) ("[T]he question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt.").

At the PCR hearing, Wise testified he didn't understand that he would serve a "quarter seventy" if convicted of robbery in the first degree. So, according to Wise, he agreed to have the judge decide his guilt based on the minutes not knowing he faced twenty-five years in prison with a mandatory minimum of seventeen and one-half years. Wise said Hoffey told him that the judge had "some type of power over sentences for leniency."

In his deposition, attorney Hoffey disputed Wise's claimed ignorance. Hoffey—who had been practicing criminal defense for decades—testified that he advised Wise "from day one" that the judge had no sentencing discretion on a first-degree robbery conviction. Hoffey also discussed the lack of options facing Wise. Hoffey saw no grounds to challenge the police stop of Wise's car or the admission of his confession. Hoffey testified that his client "didn't dispute any of the allegations at all, and that kind of left me at a dead end." The attorney told the PCR court: "The evidence, in my opinion, was absolutely overwhelming." In the face of such overwhelming evidence, Hoffey believed "the objective" was "to try to reach a plea agreement such as robbery in the second degree." But he recalled "we weren't getting there, and so the trial was continued and continued and continued as long as it was until finally the court's patience ran out." Hoffey said he asked the prosecutors at each pretrial conference if they could plea bargain, but no offer was forthcoming.

As for agreeing to a trial on the minutes, Hoffey insisted that was Wise's choice. The attorney said he didn't make a recommendation but instead discussed Wise's options with him. Those options were (1) pleading guilty to first-degree robbery, (2) proceeding to a jury trial, (3) proceeding to a bench trial, or (4) agreeing to a trial on the minutes of testimony. Hoffey testified: "I don't think Mr. Wise wanted to sit through a jury trial or a bench trial and preferred just to submit it on the record, knowing what the result would be." Hoffey also believed that Wise, who was out on bond by the time the case finally came to trial, thought that waiving a jury would likely "prolong his freedom" until the court issued its written verdict.

The district court credited attorney Hoffey's recollections and took "serious issue" with the veracity of Wise's testimony. Following that credibility determination, the court found "an absence of any deficiency in the representation of Hoffey on behalf of Wise." Having found no breach of duty, the court did not discuss the prejudice prong of *Strickland*. Because Wise did not carry his burden to show ineffective assistance of counsel, the court denied relief.

Wise appealed. Before briefing, he sought a limited remand to develop a claim of ineffective assistance against attorney Merrill for not arguing to the PCR court that Wise was prejudiced by Hoffey's omissions. Our supreme court denied the remand and transferred the case to us.

## II.     Scope and Standards of Review

In general, we review PCR rulings for the correction of errors at law. *Ruiz v. State*, 912 N.W.2d 435, 439 (Iowa 2018). But because Wise alleges ineffective assistance of counsel, which implicates a constitutional right, we employ de novo

review. *See id.* As for Wise's right to effective assistance of PCR counsel, that right is statutory and not constitutional, but we still apply de novo review. *Lado v. State*, 804 N.W.2d 248, 250 (Iowa 2011).

### III.  Analysis

Wise alleges attorney Hoffey was ineffective in two ways: (1) allowing Wise to choose a trial on the minutes without any strategic advantage and (2) "failing to do anything other than beg for a plea offer." Wise also contends attorney Merrill was ineffective in his PCR representation by failing to argue that Hoffey's performance resulted in prejudice.

We analyze Wise's claims under the familiar two-pronged test in *Strickland*, 466 U.S. at 687. On the first prong, we ask whether the attorneys performed within the normal range of competency, starting from the presumption that they did. *See State v. Cromer*, 765 N.W.2d 1, 7–8 (Iowa 2009). Wise must rebut that presumption by showing counsel's representation fell below an objective standard of reasonableness. *See State v. Lorenzo Baltazar*, 935 N.W.2d 862, 868 (Iowa 2019). On the second prong, Wise must prove a reasonable probability existed that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694. If Wise fails to prove either element by a preponderance of the evidence, his claims fail. *See Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015).

We turn first to Wise's decision to be tried on the minutes of evidence. It's true that Hoffey did not point to any tactical advantage from choosing that option. But the PCR court believed Hoffey's assertion that Wise chose that course after

hearing the other three options.[1] We give weight to that finding on witness credibility. *Sothman v. State*, 967 N.W.2d 512, 522 (Iowa 2021). And "[t]he reasonableness of counsel's actions may be determined or substantially influenced by the defendant's own statements or actions." *Strickland*, 466 U.S. at 691. Wise did not prove that allowing him to accept a trial on the minutes was a material breach of counsel's duty.

We next consider Wise's claim that Hoffey should have done more than try to solicit a plea offer from the prosecution. Wise suggests that Hoffey did not do enough to investigate possible defenses. He contends Hoffey should have tried to obtain video evidence to see if it aligned with statements in the police reports.[2] But, as Wise concedes, Hoffey limited his investigation because Wise did not challenge the State's allegations. In assessing claims of ineffective assistance of counsel, we examine the defendant's own conduct as well as that of his attorney. *State v. Rice,* 543 N.W.2d 884, 888–89 (Iowa 1996). For three decades, our appellate courts have advised: "When complaining about the adequacy of an attorney's representation, it is not enough to simply claim that counsel should have done a better job." *See Dunbar v. State*, 515 N.W.2d 12, 15 (Iowa 1994). Wise's complaints fall into that "not enough" category.

---

[1] The State contends Wise did not preserve this argument because it differs somewhat from what was raised at the PCR court. *See Meier v. Senecaut*, 641 N.W.2d 532, 537 (Iowa 2002). The State also notes that Wise raises a claim of "per se" prejudice for the first time on appeal. We choose to bypass those concerns and address the performance prong on the merits. *See State v. Taylor*, 596 N.W.2d 55, 56 (Iowa 1999).

[2] Wise also maintains that the gun and stolen money were not in plain view when police stopped his car. But he does not suggest the stop was unconstitutional. And nothing in the record supports his allusion that a motion to suppress would have had a reasonable probability of success.

As for attorney Merrill's performance, we need not decide whether his failure to expressly argue *Strickland* prejudice breached a material duty. On this record, we find that even the most vehement argument on prejudice would not have carried the day. Wise cannot show that he was prejudiced by the alleged omission in Merrill's advocacy. *Moore v. State*, No. 22-0858, 2023 WL 8068487, at *4 (Iowa Ct. App. Nov. 21, 2023) (rejecting claim of ineffective assistance of PCR counsel because applicant could not prove the reasonable probability of a different outcome).

**AFFIRMED.**